UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| SYLVESTER MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-127 |
| | ) | |
| PNC MORTGAGE, N.A. and | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Sylvester Moore, proceeding *pro* se, brought this "quiet title" and lender liability action against entities involved in the foreclosure of his Liberty County, Georgia property. Doc. 1-1. Illuminating the fact that his complaint is virtually incomprehensible,[1] both defendants move to

---

[1] Just one example is Count II of his Complaint: "Violation of Contract Also Validation Which Went Unanswered in Support of Accounting Fraud/Securities Fraud Causing a Credit Default Swap and Criminal Intent." Doc. 1-1 at 7. Another is Count III: "Violation Of The Servicer Performance Agreement Also Violation Of Dual Tracking." *Id.* at 9. Under this Count, he explains that the "defendant(s) violated the Service Performance Agreement due to their poor bookkeeping of accounts, also a violation of the REMIC LAW, which is a Tax Violation under the IRS code, which has criminal intent to defraud the Government, and must be reported to the Comptroller of the Currency in Washington D.C." *Id.* at 9 ¶ 32.

Judges must liberally construe a *pro se* litigant's pleading, but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an

dismiss Moore's case for failure to state a claim. Docs. 5 & 7. Their motions are unopposed under L.R. 7.5 (no response means no opposition). Finding the motions well supported, they must be **GRANTED**. Hence, defendants' motion to stay this litigation pending the Court ruling on their dismissal motion (doc. 9) is **GRANTED**.

**SO REPORTED AND RECOMMENDED** this 22nd day of July, 2014.

*/s/ M. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 2014 WL 1887376 at * 1 (11th Cir. May 13, 2014) (quotes and cite omitted); *Sctry, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010). Nor can they confer legitimacy upon the surreal.